**Percival Osit ADENA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney
General, Respondent.**

No. 04–76284.

United States Court of Appeals,
Ninth Circuit.

Submitted March 18, 2008.*

Filed March 21, 2008.

Rodel E. Rodis, Esq., Law Offices of

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Rodel E. Rodis, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Marshall Tamor Golding, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, T.G. NELSON, and BEA, Circuit Judges.

MEMORANDUM **

Percival Osit Adena, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying him a continuance and ordering him removed. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo questions of law. *Fernandez–Ruiz v. Gonzales*, 468 F.3d 1159, 1163 (9th Cir.2006). We review for abuse of discretion the IJ's decision denying a continuance. *Baires v. INS*, 856 F.2d 89, 91 (9th Cir.1988). We deny the petition for review.

The IJ did not abuse her discretion when denying Adena's motion for a continuance because Adena's eligibility for Federal First Offender Act ("FFOA") relief was speculative at the time of his hearing. *See Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir.2000) (agency abuses its discretion only when it acts arbitrarily, irrationally, or contrary to law). It follows that his due process rights were not violated. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000)

(to prevail on a due process challenge, an alien must show error and substantial prejudice).

In any event, Adena has not shown he would have been eligible for relief under the FFOA. *See Chavez–Perez v. Ashcroft*, 386 F.3d 1284, 1292–93 (9th Cir.2004) (government may order the removal of an alien whose conviction might be erased sometime in the future).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

